UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-2203 (CEJ) |
| | ) | |
| W.W. TRANSPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss, without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). While defendants Samuel Strapping and American Material Handling consent to plaintiff's motion, defendants W.W. Transport and Thomas Schroeder assert that any dismissal with respect to them should be with prejudice.

## I.    Background

On October 19, 2010, plaintiff filed this action in the Circuit Court of Warren County, Missouri. On November 24, 2010, defendants Schroeder and W.W. Transport removed the action, asserting jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. The Court entered a case management order on March 4, 2011. In the ensuing weeks, the defendants served discovery requests on plaintiff, who did not serve responses until defendants filed a motion to compel. On July 15, 2011, defendants filed separate motions to compel plaintiff to produce the report of his expert witness. Plaintiff has not responded to the motions to compel.

In the instant motion to dismiss, plaintiff states that while this case has been pending his counsel had to attend to the serious illness and subsequent death of the

mother of his child.  As a result, counsel has experienced "extremely difficult personal hardship" which has impeded his ability to attend to this case.

## II.    Discussion

Rule 41(a)(2) allows for dismissal of an action at the plaintiff's request "only by court order, on terms that the court considers proper."  The rule is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant.  See Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir.1987).  Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.  Id.

The types of prejudice that would justify denying a motion to voluntarily dismiss include:  (1) emotional and psychological trauma associated with the experience of defending another lawsuit; (2) the prejudice resulting from uncertainty over title to land; and (3) the absence of a justification for the proposed dismissal.  Id. at 783.  A district court should also consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case; and (4) whether the defendant has filed a motion for summary judgment.  Id. at 783.  In general, a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision.

According to defendants Schroeder and W.W. Transport, the parties have completed initial written discovery have deposed all witnesses to the accident (except for plaintiff whose memory is impaired).  Defendants assert that this evidence does not

support a claim that they acted negligently. They argue that they will be prejudiced if plaintiff is allowed to dismiss at this stage of the litigation. The prejudice they claim, however, amounts to no more than the prejudice arising from facing a subsequent lawsuit. As such, it is not the type of prejudice that would justify denying plaintiff's motion. The remaining factors also support dismissal: plaintiff's reason for the dismissal is proper; there has been no excessive delay or lack of diligence; and defendants have not filed a motion for summary judgment.

If this action is re-filed, whether in a state court or in a federal court, all depositions and other discovery conducted in the present case will be usable in the second case. See Kern v. TXO Production Corp., 738 F.2d 968, 973 (8th Cir. 1984). Plaintiff will be required to pay the attorneys' fees and expenses incurred by defendants for discovery that has to be repeated if this case is re-filed. The Court believes that imposing these conditions will be sufficient to address the defendants' concerns about discovery expenses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [Doc. #47] is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that if this case is re-filed, all depositions and other discovery conducted in the present case will be usable in the second case. Plaintiff will be required to pay the attorneys' fees and expenses incurred by defendants for discovery that has to be repeated if this case is re-filed.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2011.